UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:93-cr-0055 (SEB/KPF) |
| | ) | |
| JAMES D. MASON, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on October 15, 2010, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on October 14, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held January 10, 2012 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Mason appeared in person with his appointed counsel, William Marsh, the Indiana Federal Community Defender. The government appeared by Brant Cook, Assistant United States Attorney. U. S. Parole and Probation appeared by Chris Dougherty, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. William Marsh, the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Mason in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Mason and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Mason was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Mason was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Mason was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Mason had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

7. Mr. Marsh stated that Mr. Mason would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Mason executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Mason, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, except for specification of violation numbered 1. The specifications of violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 2 | **"The defendant shall not commit another federal, state, or local crime."** |

On September 21, 2010, the offender was arrested by officers of IMPD for Operating a Vehicle While Intoxicated with a Prior OWI within Five Years, D-felony, and Resisting Law Enforcement, A-misdemeanor. The arrest report indicates the offender was driving erratically on Franklin Road in Indianapolis. The offender pulled over his vehicle in the driveway of his own residence. The officer noted the offender smelled of an alcoholic beverage and had red and bloodshot eyes. The offender was instructed to remain in his vehicle while the officer requested assistance. While behind the offender's vehicle, the officer noticed the offender opening his door, and the officer ordered the offender to remain in the vehicle and close the door. The offender fled the vehicle and began running westbound through yards. Two offices chased the offender while ordering him to stop running. The offender surrendered six blocks later when multiple offices converged on him. The offender admitted to the arresting officer that he consumed two beers and a pint of liquor. A certified breath test was administered to the offender, and he tested .15% BAC. This case is pending in Marion County Superior Court under cause number 49F24-1009-FD-073551, and is scheduled for a pretrial conference on November 6, 2010. The offender was released after posting a $1,500 surety bond.

This arrest occurred one day after the offender's release from custody on the Battery arrest. The offender reported this arrest promptly. He admitted he had been drinking alcohol at home prior to driving his vehicle to the store to purchase cigarettes, after which he was pulled over by police. He admitted fleeing from police in an attempt to avoid arrest.

| | |
| --- | --- |
| 3 | **"The defendant shall not commit another federal, state, or local crime."** |

On September 26, 2007, the offender was arrested for Possession of Cocaine, D-felony, under cause number #07-218649, and convicted of this offense in Marion Superior Court on July 2, 2008, receiving a sentence of 180 days executed, 915 days suspended, and one year of probation. This term of probation has not yet begun due to the offender's current status on supervised release. As a sanction for this conviction, the Court ordered the offender to complete 100 hours of community work service on August 21, 2008.

**4** **"The defendant shall not commit another federal state, or local crime."**

On November 3, 2008, the offender was arrested for Operating a Vehicle While Intoxicated, A-misdemeanor, under cause number 08-252295. He was convicted of this offense on December 4, 2008, and sentenced to 64 days executed. As a sanction for this conviction, the Court ordered the offender to reside at Volunteers of America for 180 days and to abstain from all alcohol use. The offender successfully completed his community work service hours as well as his term at Volunteers of America.

**5** **"The defendant shall not consume alcohol during his term of supervised release and shall consent to any type of testing for alcohol use, which shall include the use of a portable breath test (PBT)."**

The offender has incurred two recent arrests which involved his consumption of alcoholic beverages. He admitted he has been consuming alcohol excessively in recent weeks, in violation of his condition of supervision.

The Court placed Mr. Mason under oath and directly inquired of Mr. Mason whether he admitted violations of the specifications of his supervised release set forth above. Mr. Mason stated that he admitted the above violations as set forth above. The government moved to dismiss specification numbered 1 contained in the Petition to revoke defendant's supervised release, filed October 14, 2010, and the Court dismissed the same.

Counsel for the parties further stipulated to the following:

1) Mr. Mason has a relevant criminal history category of VI, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Mason constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Mason is 21-27 months.

4) The appropriate disposition of the case would be a sentence of 21 months in the custody of the Attorney General or his designee, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, James D. Mason, violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release. The defendant's supervised release is therefore **REVOKED** and James D. Mason is sentenced to the custody of the Attorney General or his designee for a period of 21 months, with no supervised release to follow. It is recommended that defendant be designated to the Federal Correctional Institution in Ashland, Kentucky.

The Magistrate Judge requests that Chris Dougherty, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Mason stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Mason entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking James D. Mason's supervised release.

IT IS SO RECOMMENDED this 11th day of January, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Brant Cook,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Marsh,
The Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal